# CHARLESTON.

F. R. RICHARDSON v. COUNTY COURT RALEIGH COUNTY.

Submitted April 17, 1923.    Decided April 24, 1923.

PUBLIC OFFICERS—*Law Repealing Act Creating Road Patrolman Held to Immediately Terminate Term of Incumbent.*

The legislature by chapter 66, Acts 1917, created the office of district road patrolman and provided for the appointment by the county court of a person to fill the office, whose term should begin on the first day of April and continue one year. Chapter 112, Acts 1921, established the office of district road superintendent, with duties similar to those prescribed for the former office. and expressly repealed the act creating the same. The effect of the latter act was immediately to vacate the office of district road patrolman and terminate the term of the incumbent of said office.

Case certified from Circuit Court, Raleigh County.

Action by F. R. Richardson against the County Court of Raleigh County. The circuit court sustained a demurrer to plaintiff's declaration, and certified to the Supreme Court of Appeals the questions arising thereon.

*Affirmed.*

*J. O. Hutchinson* and *Charles T. Ross,* for plaintiff.
*C. M. Ward* and *Ben H. Ashworth,* for defendant.

LITZ, JUDGE:

The plaintiff, J. R. Richardson, filed his declaration in assumpsit against the county court of Raleigh county at November rules, 1922, alleging that on the 15th day of March, 1921, he was employed by the defendant as district road patrolman for Shady Springs District of said county for a term of office beginning on that date and continuing to March 31st, 1922, at a compensation of $4.00 per day for each day's labor performed during this period; that the said plaintiff having qualified by taking the prescribed oath of office and executing the requisite bond, assumed the duties of such office on the 15th day of March, 1921, and continued in the

performance of the same until November 17th, 1921, when the defendant wrongfully discharged him by the entry on that date of the following order, to-wit:

> "This day J. R. Richardson having been heretofore appointed road patrolman of Shady Spring District and the acts of the Legislature of 1921 having abolished said office, it is ordered that said J. R. Richardson quit work on the roads of said district. It is further ordered that a certified copy of this order be delivered to said Richardson."

Plaintiff further alleges that he was at all times from the 17th day of November, 1921, until the 31st day of March, 1922, ready and willing to continue in said service in the performance of the duties of such district road patrolman but that defendant would not permit him to do so; that he was wholly unemployed during said period and that by reason of his wrongful discharge by the defendant, has lost, and been deprived of, the wages, profits and advantages he otherwise might have acquired had defendant permitted him to continue in said employment.

The defendant in its demurrer to the plaintiff's declaration relies on the following grounds:

(1)   That by section 194, chapter 112, Acts Legislature of 1921, the office of district road patrolman was abolished when said Act went into effect;

(2)   That if the office of district road patrolman was not abolished by said Acts of 1921, the order entered by the defendant on the 17th day of November, 1921, is a nullity and no liability arises against the county court because the same was entered and plaintiff quit work;

(3)   That if the office of district road patrolman was not abolished by the Acts of 1921 when the same took effect, yet there is no liability on the defendant, under the law, to pay to the plaintiff the damages claimed by him in his declaration because of the facts therein stated.

The circuit court having sustained the demurrer, upon its own motion thereupon certified to this Court the questions arising upon the grounds of demurrer.

The statute creating the office of district road patrolman,

chapter 66, Acts 1917, provides for the employment by the county court of such officer with term of office beginning the first day of April and continuing for one year. By section 119, chapter 112, Acts 1921, which became effective from its passage, April 21st, 1921, the legislature created the office of district road superintendent with duties similar to those of district road patrolman, and provided that "the county court of each county may, between the first day of January and the first day of April of each year, appoint a road superintendent for each magisterial district," with term of office beginning April 1st and continuing for one year, unless sooner removed. Under section 120, "The county court may fill any vacancy occurring in said office and may remove a superintendent at will."

Section 194 of the Act provides: "Chapter sixty-six of the acts of the legislature of one thousand nine hundred and seventeen, chapters thirty-nine and one hundred and twenty-one of the acts of the regular session of the legislature of one thousand nine hundred and nineteen, chapter six of the acts of the extraordinary session of the legislature of one thousand nine hundred and nineteen and all other acts and parts of acts inconsistent with this act, are hereby repealed: *provided, however,* that the provisions of chapter sixty-six of the acts of the legislature of one thousand nine hundred and seventeen, as amended, relating to the licensing of vehicles, chauffeurs, dealers and others, and to the issuance by the state road commission created by said act, of registration certificates and the right to use the registration plates and the collection of license taxes and registration fees, and to the collection and disbursement of special privilege taxes, shall remain in full force and effect until the thirty-first day of December, one thousand nine hundred and twenty-one, and the commission hereby created shall succeed to and exercise all the powers, and perform all the obligations imposed upon the commission created by said act under the clauses in this proviso mentioned and described."

It seems to be conceded that the act of 1917 creating the office of district road patrolman was repealed by the act of 1921, establishing the office of district road superintendent; but the point is made that the repeal was not intended to take

effect until April 1st, 1922, when plaintiff's term of office would have terminated. This position is predicated upon the theory that a statute should not be construed as affecting existing conditions unless such intent on the part of the legislature be expressly stated or necessarily implied.

There can be no claim that the legislature, having created the office of district road patrolman, could not abolish the same. It may, when not restrained by constitutional limitation, abolish an office even during the term for which an existing incumbent may have been appointed or elected. 22 R. C. L. p. 579; *Booten v. Pinson,* 77 W. Va. 412, 89 S. E. 985; L. R. A. 1917-A, 1244.

It will be observed that the act of 1921 not only impliedly abolishes the office of district road patrolman by creating, with similar duties, the office of district road superintendent; but expressly does so by repealing the act of 1917 establishing the former. It further will be noted that in repealing chapter 66 of the Acts of 1917, under which the office of road patrolman was created, temporary operation of certain of its features was expressly reserved, which, under the rule that the expression of one thing is the exclusion of the other, is sufficient answer that the legislature did not intend an immediate change of order.

An office is vacated by the repeal, without reservation, of the law creating it. Mechem's Public Offices and Officers, sec. 408; *Booton* v. *Pinson,* cited.

"The general rule is that when an act of the legislature is repealed without a saving clause, it is considered, except as to transactions passed and closed, as though it had never existed." Lewis' Sutherland Statutory Construction, sec. 282.

We will, therefore, hold that by the Act of 1921, the plaintiff's office had been vacated before his discharge by the defendant and that he has no right of action. This makes it unnecessary to consider the other grounds of demurrer.

The ruling of the circuit court on the demurrer is affirmed.

*Affirmed.*